# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RONALD BERNARD WASHINGTON | CIVIL ACTION NO. 08-CV-1198 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH SHERIFF STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Rule 12(b)(6) Motion to Dismiss [Record Document 7], filed on behalf of Defendants, Caddo Parish Sheriff Steve Prator and Leonard A. Scoggins. Defendants move for dismissal of Plaintiff's claim in their entirety. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED.**

## FACTUAL BACKGROUND

Plaintiff Ronald Bernard Washington ("Washington") owns Paradise Funeral Homes, LLC, a company that provides funeral, burial and memorial services. On or about May 1, 2006, Plaintiff received notice from Detective Leonard A. Scoggins ("Scoggins") of the Caddo Parish Sheriff's office that Suhor Industries ("Suhor"), a business competitor of Plaintiff's, alleged that one of their tents had been stolen and was in Plaintiff's possession. [Amended Complaint, ¶ 7]. Detective Scoggins informed Plaintiff and his wife that the tent had been seized by the Sheriff's deputies at a burial service and had been delivered to Suhor. Id. at ¶ 9. Plaintiff denied the allegations and claimed he was the true owner of the tent. Id. at ¶ 15.

On or about May 11, 2006, Detective Scoggins told Plaintiff's wife that an arrest warrant was being issued for the arrest of Plaintiff for illegal possession of stolen things.

Id. at ¶ 16. Plaintiff was able to have the execution of the arrest warrant stayed for one week to give him the opportunity to submit photographic evidence tending to prove he had purchased, possessed, and used the tent many months prior to the date of the alleged theft. Id. at ¶ 17. One week later, Plaintiff met with Detective Scoggins and other employees of the Caddo Parish Sheriff's office to look at photographs and video recordings of events held prior to the date of the alleged theft at which Plaintiff claimed he used the tent. Id. at ¶ 20. After the examination, Detective Scoggins prepared a supplemental report and submitted it to the prosecuting attorney. Id. at ¶ 25. The next day, the prosecuting attorney made the decision to press charges and pursue prosecution. Id. at ¶ 26.

On July 10, 2006, a Bill of Information was filed against Plaintiff charging him with Illegal Possession of Stolen Things in the First Judicial District, Parish of Caddo, State of Louisiana. Id. at ¶ 30. Plaintiff obtained counsel to represent him in the his defense against the criminal charges, and the charges were ultimately dismissed. Id. at ¶¶ 31-35.

On August 14, 2008, Plaintiff filed a Complaint against Caddo Parish Sheriff Steve Prator and Detective Scoggins alleging that he had been "substantially damaged by the reckless and careless manner in which Defendants maliciously prosecuted Plaintiff." [Complaint, ¶ 33]. Thereafter, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claims related to his arrest are time-barred. Even if timely, Defendants' assert that Plaintiff failed to sufficiently state a claim for malicious prosecution and failed to plead facts with sufficient particularity to overcome Detective Scoggins' qualified immunity. [Doc. 7]. After receiving Defendants'

motion, Plaintiff filed an Amended Complaint and an opposition to Defendants' Motion to Dismiss. [Docs. 11-12].

## LAW AND ANALYSIS

**1.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  In order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); see also, Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009).  The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true.  Id., 129 S.Ct. at 1949-50; In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

**2.     Statute of Limitations**

Defendants seek to dismiss Plaintiff's arrest claims as untimely because he was arrested on May 18, 2006 but did not file suit until August 13, 2008.  Defendants point to Wallace v. Kato, 549 U.S. 384, 397, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007), where the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes

detained pursuant to legal process." Defendants ignore, however, the distinction recognized by the Supreme Court between false arrest (or false imprisonment) and the tort of malicious prosecution:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than the detention itself.

Id., 549 U.S. at 389-90, 127 S.Ct. at 1096 (emphasis in original) (internal quotations and citations omitted).

Plaintiff does not allege that his actual arrest was in violation of the Fourth Amendment; rather, he asserts that the prosecution occurring after his arrest was unlawful. In Louisiana, a claim for malicious prosecution does not prescribe until one year from the *termination* of the prosecution. Walls v. State, 670 So.2d 382, 385 (La.App. 3 Cir. 1996) (citing Engrum v. Boise S. Co., 512 So.2d 594 (La.App. 3 Cir), writs denied, 513 So.2d 1215, 1216 (La. 1987)). "A dismissal or abandonment of prosecution by the district attorney is considered a termination of the proceedings in favor of the petitioner for purposes of a claim for malicious prosecution." Id.

The Complaint does not state the date on which the criminal charges against Plaintiff were dismissed, nor do Defendants argue that the instant lawsuit was initiated

more than one year after the criminal prosecution terminated.  Thus, construing the Complaint in the light most favorable to the Plaintiff, the Court concludes that Plaintiff's claim for malicious prosecution is timely.

3.    **Malicious Prosecution**

   a.    **§ 1983 Claim**

In the Fifth Circuit, a claim of "malicious prosecution" without more is not sufficient to allege a violation of the United States Constitution.  <u>Castellano v. Fragozo</u>, 352 F.3d 939, 942 (5th Cir. 2003).  To proceed under 42 U.S.C. § 1983, such a claim must rest upon a denial of rights secured under federal and not state law.  <u>Id.</u>

Defendants contend Plaintiff merely alleged that he was "maliciously prosecuted" and failed to state a claim for some other constitutional violation.  However, it is well established that the suppression "of evidence favorable to an accused upon request violates due process when evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-96, 10 L.Ed.2d 215 (1963).  In his Amended Complaint, Plaintiff specifically alleged that Detective Scoggins violated his Fourteenth Amendment right to procedural due process "by concealing exculpatory and impeachment evidence from the prosecutor." [Amended Complaint, ¶ 45].  Taken as true, this allegation is sufficient to state a claim against Detective Scoggins for a violation of Plaintiff's due process rights and to allow Plaintiff to proceed under 42 U.S.C. § 1983.

Additionally, Plaintiff contends his Amended Complaint alleges a claim of "malicious prosecution" due to First Amendment retaliation. [Doc. 12].  To establish a retaliation claim

in the criminal prosecution context, a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. Izen v. Catalina, 398 F.3d 363, 367 (5th Cir. 2005). In his Amendment Complaint, Plaintiff states that Detective Scoggins referred to him as "you people" and Plaintiff then inquired, "what do you know about Suhor except that they are a business owned by white men and I am a black business man," to which Detective Scoggins replied, "they said it was their tent." [Amended Complaint, ¶¶ 10-11]. Based on these facts, Plaintiff asserts Detective Scoggins intentionally concealed evidence "to retaliate against Plaintiff and his wife for their statements about Scoggins' racially discriminatory practice, their complaint that the release of the tent had been an unconstitutional practice, and their complaints to Scoggins' supervisor." Id. at ¶ 60. But the facts stated by Plaintiff, taken as true, do not satisfy any of the elements set forth by the Fifth Circuit in Izen. Plaintiff's allegations are merely conclusory and, therefore, insufficient to state a cause of action for First Amendment retaliation. Consequently, Plaintiff may proceed under 42 U.S.C. § 1983 only upon the ground that Detective Scoggins' violated his Fourteenth Amendment rights to due process.

    b.    **State Law Claim**

To prevail on a malicious prosecution claim under Louisiana law, the plaintiff must prove: (1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against the plaintiff who was the defendant in the original proceeding, (3) a bona fide termination in favor of the present

plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damage.  Craig v. Carter, 30,625 (La.App. 2 Cir. 09/23/98), 718 So.2d 1068, 1070 (citing Goodman v. Spillers, 28,933 (La.App. 2 Cir. 12/23/96), 686 So.2d 160, writs denied, 97-0225, 07-0423 (La. 03/27/97), 692 So.2d 393, 400).

In the Amended Complaint, Plaintiff alleges Detective Scoggins intentionally concealed exculpatory and impeachment evidence from the prosecutor for the purpose of commencing and maintaining criminal prosecution against him; that but for Detective Scoggins's conduct, the criminal charges would have been dismissed and the prosecution concluded either before he was booked, or shortly thereafter; that the charges were ultimately dismissed and the criminal record expunged; and that as a result of Detective Scoggins' conduct, he suffered humiliation, emotional distress, and financial loss. [Amended Complaint, ¶¶ 55-62].  These factual allegations are more than enough "to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Accordingly, the Court finds that Plaintiff has sufficiently stated a state law claim for "malicious prosecution."

**4.     Claims Against Caddo Parish Sheriff Steve Prator**

Defendants assert that "[n]o factual allegations set forth [by Plaintiff], if true, could be considered adequate to state a claim against the Caddo Parish Sheriff."  [Doc. 7].  In his Amended Complaint, however, Plaintiff specifically alleged that Sheriff Prator established and maintained a policy permitting deputies to conceal exculpatory evidence and failed to deter the concealment of such evidence.  Plaintiff also asserts that Sheriff Prator failed to train deputies on their obligations to preserve and disclose exculpatory and

impeachment evidence. [Amended Complaint, ¶ 52]. These allegations, taken as true, suffice to defeat Defendant's Motion to Dismiss.

## CONCLUSION

The Court finds Plaintiff Ronald Washington has plead sufficient factual allegations in his Amended Complaint to defeat Defendants' Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss [Record Document 7] is **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE